UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REAL PROPERTY LOCATED AT 1730
NORTH WEST 30TH STREET, MIAMI,
FLORIDA 33142,

    Defendant *In Rem*.

_____/

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

    COMES NOW, Plaintiff, the United States of America (the "United States"), by and through its undersigned counsel, to allege upon information and belief as follows:

**I.    NATURE OF THE ACTION**

    1.    This is a civil action *in rem* under 21 U.S.C. § 881(a)(7), the procedures set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and the Federal Rules of Civil Procedure, and 18 U.S.C. § 985, to forfeit real property, including any appurtenances or improvements, which was used or was intended to be used, in any manner or part, to commit or facilitate the commission of a narcotics violation punishable by more than one year's imprisonment.

    2.    The property consists of real property located at 1730 NW 30 Street, Miami, FL 33142, and includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, more particularly described as:

> LOT 7 in BLOCK 3 of CENTRAL ALLAPATTAH SUBDIVISION; according to the Plat thereof, as recorded in Plat Book 39 at Page 91 of the Public Records of Dade County, Florida.
>
> Folio No. 01-3127-057-0530

(the "Property").

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this subject matter. *See* 28 U.S.C. §§ 1345, 1355(a), and 2461(a).

4. This Court has *in rem* jurisdiction over the Property. *See* 28 U.S.C. §§ 1345, 1355(b).

5. Venue for this action is proper in the Southern District of Florida because the Property is located in this District, the acts or omissions giving rise to the forfeiture occurred in this district, and the related criminal prosecution was brought in this District. *See* 21 U.S.C § 881(j); 28 U.S.C. §§ 1355(b)(1)(A), 1395(b).

## III. FACTUAL ALLEGATIONS

6. From 2019 to 2022, Odalys Lovett, Oslanir Delisle (Lovett's son), and Yordanis Duran Gonzalez (Lovett's cousin) trafficked oxycodone, oxymorphone, and hydrocodone pills on the dark web in exchange for cryptocurrency.

7. The conspirators operated out of the Property, which was used to store and package the drugs.

8. Delisle managed the dark web marketplace vendor pages, processed the orders, and received the crypto payments; he and Lovett obtained the pills; and Lovett and Gonzalez mailed packages to buyers.

9. In what became a familiar pattern, law enforcement observed Delisle arrive at the Property with a black bag, stay a short while, and then leave.

10. Lovett or Gonzalez would then leave the house with a bag and visit a post office or mail collection bin.

11. When they got there, Lovett or Gonzalez would put on gloves to avoid leaving fingerprints and drop off dozens of packages.

12. Under federal search warrants, law enforcement intercepted and searched several packages, revealing various contraband pills.

13. On average, the conspirators shipped between 25 to 50 packages a day, up to six days a week.

14. A post-arrest search of the Property yielded, among other items, a Wi-Fi printer, boxes of packaging material similar to the intercepted drug parcels, and blank labels.

15. On March 9, 2022, the government indicted Lovett, Delisle, and Gonzalez in *United States v. Delisle et al.*, Case No. 22-CR-20085-CMA.

16. Lovett passed away in May 2022, while the criminal case was pending.

17. Due to her passing, the district court dismissed the indictment against Lovett on May 23, 2022.

18. On June 22, 2022, Delisle and Gonzalez pled guilty.

19. Delisle pled to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and two counts of conspiracy to commit money laundering, in violation of 21 U.S.C. § 1956(h). He was sentenced to 87-months' imprisonment.

20. Gonzalez pled to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and sentenced to 30-months' imprisonment.

21. In Delisle's plea agreement, he agreed to forfeit to the United States, among other things, "any proceeds obtained . . . as the result of a violation of 21 U.S.C. § 846, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, pursuant to 21 U.S.C. § 853."

22. In addition, Delisle consented to a forfeiture money judgment of $4.1 million and direct forfeiture of the Property and all virtual currency in four crypto wallets.

23. On September 9, 2022, the district court entered a Preliminary Order of Forfeiture, subject to third-party claims. Pertinent here, the district court found, consistent with the factual proffers, that the Property "was used to store and package narcotics that Co-Defendant's Lovett and Gonzalez would mail to customers." The district court also echoed the results of the search of the Property: the printer, packaging, and labels.

### IV. BASIS FOR FORFEITURE

24. Under 21 U.S.C. § 881(a)(7), all real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a controlled substance violation punishable by more than one year's imprisonment is subject to forfeiture.

25. Under 21 U.S.C. § 881(h), all right, title, and interest in property described in 21 U.S.C. § 881(a) vests in the United States upon commission of the act giving rise to forfeiture.

26. Under 21 U.S.C. § 841(a)(1), it is unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

27. Under 21 U.S.C. § 846, any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

28. Under 21 U.S.C. § 841(b), a violation of 21 U.S.C. § 841(a)(1) is punishable by more than one year imprisonment.

## CLAIM FOR RELIEF
### Property Involved in Drug Trafficking
### (21 U.S.C. § 881(a)(7))

29. The factual allegations in paragraphs 1 to 23 are re-alleged and incorporated by reference herein.

30. As set forth above, the Property was used, or intended to be used, to commit, or to facilitate the commission of, a violation of Title 21 punishable by more than one year's imprisonment.

31. Accordingly, the Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

**WHEREFORE**, Plaintiff, the United States of America that notice of this action be provided to persons known or thought to have an interest in or right against the Property; that the Property be forfeited and condemned to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

By: *s/ Jorge R. Delgado*
Jorge R. Delgado
Assistant United States Attorney
Florida Bar No. 084118
U.S. Attorney's Office
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9278
E-mail: Jorge.Delgado2@usdoj.gov

## VERIFICATION

I, Stacy Diaz, hereby verify and declare, under penalty of perjury, that I am a Special Agent with the Federal Bureau of Investigation, currently assigned to the Cyber Criminal Squad of the FBI Miami Division, and a member of the Miami Drug Enforcement Administration Counternarcotic Cyber Investigations Task Force, and that the foregoing factual allegations are true and correct to the best of my knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as FBI Special Agent.

Executed on this 21 of August 2023.

_____
Stacy Diaz
Special Agent, FBI